### HILDRETH *v.* LERCHE *et al.*

#### (*City Court of New York, Special Term.* November 7, 1889.)

APPEAL—FROM SURROGATE'S COURT—ACTION ON BOND.

    Code Civil Proc. N. Y. c. 18, tit. 2, art. 4, §§ 2568–2589, provide that an appeal from a surrogate's court may be taken to the general term of the supreme court, and prescribes the procedure. Section 2581 provides that the surrogate may at any time authorize any person aggrieved to sue on an undertaking given on appeal from an order or decree in his court. *Held*, that section 1309, contained in chapter 12, tit. 1, relating to "appeals generally," which declares that no action shall be maintained on an undertaking given on an appeal to the supreme court, "as prescribed in * * * this chapter," until after 10 days from the service of notice of the entry of a judgment, or order affirming the judgment or order appealed from, or dismissing the appeal, does not apply to appeals from surrogates' courts.

At chambers. Action by J. Homer Hildreth against Albrecht J. Lerche and Joseph Ludwig, as sureties in an undertaking given on appeal, by Elise Bethune, testator's widow, from the decree of the surrogate's court of New York county, admitting to probate the will of John G. Bethune, deceased, the decree appealed from having been affirmed. 48 Hun, 614, *mem.* Plaintiff now moves that defendants' demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action be overruled as frivolous. Code Civil Proc. N. Y. § 1309, is contained in chapter 12, tit. 1, relating to "appeals generally," and provides that "an action shall not be maintained upon an undertaking given upon an appeal taken, as prescribed in title third, fourth, or fifth of this chapter, until ten days have expired since the service upon the attorney for the appellant of a written notice of the entry of a judgment, or order affirming the judgment or order appealed from, or dismissing the appeal." The appeals "prescribed in titles third, fourth, and fifth of this chapter [12]" are as follows: Title 3. Appeals "to the supreme court from a final judgment rendered by a county court, or by any other court of record

possessing original jurisdiction, where an appeal therefrom to a court other than the supreme court is not expressly given by statute." Title 4. Appeals "to the general term of the supreme court, or of a superior city court, from a final judgment rendered in the same court." Title 5. Appeals "to the general term of the supreme court, or of a superior city court, from an order affecting a substantial right, made in a special proceeding," at a special term, etc., of the same court.

*J. Homer Hildreth, pro se. Albrecht J. Lerche, pro se.*

HOLME, J. I do not think the notice required by section 1309 applies to appeals taken from orders or decrees made by the surrogate. Article 4, tit. 2, c. 18, of the Code provides a complete system of appeals from orders or decrees made in the surrogate's court, altogether distinct from the provisions in reference to appeals from other courts. Section 2581 provides that the surrogate may at any time, in his discretion, authorize any person aggrieved to bring an action upon an undertaking given on appeal from an order or decree in his court, and this seems to be the only prerequisite to the cause of action provided for in the article of the Code relating to such appeals. The plaintiff in this case having been thus authorized to bring this action, I think the demurrer bad. Motion granted, with costs, and judgment may be entered by plaintiff.